# United States Tax Court

T.C. Memo. 2024-20

SUSAN D. TURNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19487-22.                              Filed February 8, 2024.

————

Susan D. Turner, pro se.

*Alexander R. Roche* and *Abigail J. Engelhart*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, *Chief Special Trial Judge*: In a notice of deficiency (notice) dated June 27, 2022, respondent determined a deficiency in petitioner's 2020 federal income tax.

The issues for decision are whether petitioner (1) is entitled to an earned income tax credit and (2) qualifies for head of household filing status.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. When the Petition was filed, petitioner resided in Illinois.

**[\*2]**   Petitioner is the grandmother of A.V.[1] and has been A.V.'s court appointed guardian since 2007.  A.V. was not employed during 2020.  Throughout the year in issue, petitioner helped A.V. pay for rent, phone bills, clothing, food, transportation, and other personal expenses.

As of the close of 2020, petitioner was not married and A.V. was a minor.  For most of the year, A.V. lived at a friend's house.  A.V. lived with petitioner for approximately 60 days during 2020.

As relevant here, on her 2020 federal income tax return petitioner claimed (1) an earned income credit computed as though A.V. was her qualifying child and (2) the standard deduction applicable to an individual who qualifies as a head of household.

In the notice respondent (1) disallowed the earned income credit and (2) changed petitioner's filing status from head of household to single and adjusted the standard deduction accordingly.

## OPINION

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are erroneous.  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction or credit.  Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

I.    *Earned Income Credit*

Petitioner claimed an earned income credit as an eligible individual with a qualifying child.  According to petitioner, A.V. was her qualifying child.  According to respondent, petitioner does not have a qualifying child within the meaning of section 32(c)(1)(A)(i) and (3), and she is not entitled to the credit as claimed.

---

[1] Minor children are not identified by name in documents that are issued by the Court and available for public inspection; instead we refer to them by their initials.  *See* Rule 27(a)(3).  Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**    Subject to various conditions and limitations, an eligible individual is entitled to an earned income credit.  I.R.C. § 32(a).  An "eligible individual" includes an individual who has a qualifying child for that tax year.  I.R.C. § 32(c)(1)(A)(i).  A qualifying child is defined in section 32(c)(3)(A) to mean "a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e))."

In general, an individual may be treated as the qualifying child of a taxpayer if the individual (1) is a child of the taxpayer or descendant of such a child; (2) has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (3) meets certain age requirements; and (4) has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.  I.R.C. § 152(c)(1)–(3).

A.V. does not fit the definition of a qualifying child under section 152(c) because, as noted above, A.V. and petitioner did not share the same principal place of abode for more than one-half of the year. Petitioner does not suggest that any individual other than A.V. fits the definition of her qualifying child.  It follows that petitioner is not entitled to an earned income credit as an eligible individual with a qualifying child.[2]

II.    *Head of Household*

The amount of the standard deduction depends on the taxpayer's filing status.  I.R.C. § 63(c)(2), (4).  Section 63(c)(2)(B) provides a specific standard deduction for an individual who qualifies as a head of household under section 2(b).

As relevant here, an unmarried individual will qualify as a head of household if the individual maintains as the individual's home a household that is the principal place of abode, for at least one-half of the year, of (1) a qualifying child as defined under section 152(c) or (2) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151.  I.R.C. § 2(b)(1).

---

[2] From what has been submitted, it does not appear that petitioner is entitled to an earned income credit applicable to an eligible individual without a qualifying child, but we make no finding on the point.  If the parties agree that she is, then they can reflect that allowance in their Rule 155 computations.

**[\*4]**     Petitioner's home was not the principal place of abode for more than one half of 2020 of a qualifying child or any other person who might qualify as petitioner's dependent.  That being so, petitioner is not entitled to head of household filing status for 2020.  Respondent properly changed her filing status from head of household to single and adjusted the standard deduction accordingly.

To reflect the foregoing,

*Decision will be entered under Rule 155.*